JOHN SUTTON

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield January 24, 1887.*

1. CONTINUANCE—*in criminal case—absence of witnesses.* An affidavit for a continuance, in a case of homicide, after stating the nature of the charge, the place and circumstances of the killing, making it very probable that the evidence would be conflicting, as it proved to be, and averring the innocence of the accused, and that he could not safely proceed to trial on account of the absence of certain named witnesses, then set out the facts the affiant expected to prove by such witnesses, which were material and vital; and it appeared the absent witnesses named were real persons, and were present at the affray which resulted in the homicide, and had as good an opportunity of seeing what occurred as the witnesses for the prosecution, most of the latter being parties to the affray and hostile to the defendant. It also appeared that due diligence had been used to procure the attendance of the witnesses, and that the evidence on the trial was not as full as it might have been: *Held,* that under the circumstances it was error to refuse a continuance on such affidavit.

2. PRACTICE—*latitude allowed and restrictions imposed, in the examination of witnesses—in a capital case.* On the trial of one for homicide, the broadest latitude should be allowed to the defendant in the cross-examination

of witnesses who were active partisans in the difficulty leading to the killing, and who are hostile in their feelings against the defendant, and on the other hand, the examination of such witnesses by the People should be correspondingly restricted.

WRIT OF ERROR to the Circuit Court of Scott county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for the plaintiff in error:

It is the right of a relative, servant, or even a stranger, to interfere to prevent the commission of a felony; and that right extends to the taking of the life of the assailant, if necessary to prevent the commission of a felony. 1 Russell on Crimes, secs. 662, 670; 2 Bishop on Crim. Law, sec. 581; *Shueir* v. *People*, 23 Ill. 17; *Sharpe* v. *State*, 17 Ohio, 379; *Sharpe* v. *State*, 30 Miss. 619.

The danger need not be real, provided it was apparent, and the accused acted in good faith. *Campbell* v. *People*, 16 Ill. 17; *Steinmayer* v. *People*, 95 id. 383; *Maher* v. *People*, 24 id. 241; *Belt* v. *People*, 97 id. 261.

Mr. GEORGE HUNT, Attorney General, and Mr. THOMAS H. DEVINE, State's Attorney, for the People.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

John Sutton, the plaintiff in error, was indicted, at the April term, 1884, of the Scott county circuit court, for the murder of George Hupert, *alias* George Snyder. At the following October term the cause was submitted to a jury, who, upon consideration of the evidence and the instructions of the court, found the defendant guilty of manslaughter, and fixed the time of his confinement in the penitentiary at twelve years. The court sentenced the accused in pursuance of the verdict, and the record of the proceedings and conviction is now before us for review.

When the case was called for trial, counsel for the defendant moved for a continuance of the cause, founded upon the affidavit of the latter. The affidavit, after setting out the nature of the charge, the place and circumstances of the homicide, and averring the innocence of the accused, stated, in substance, that the defendant could not safely proceed to the trial of the cause at that term of the court, for the want of the testimony of Isaac Whitworth, Lemuel P. Davis, Wealthy Cooper and Mary Jane Blackburn, all of whom were present at the time of the affray; that he could prove by said Whitworth, that immediately before the firing of the two shots from defendant's pistol, which were the only ones fired by him on that occasion, the deceased approached the defendant and commenced assaulting him with something in his hand, and continued to do so until both shots were fired; that the first shot went off accidentally, in the struggle that ensued between them, taking effect in the ceiling; that the other was fired while the parties were facing each other, and, consequently, could not have taken effect, as the ball which caused Snyder's death, and the only one that touched him, is conceded to have entered the back part of the head; that he could prove by said L. P. Davis, the deceased had, on more than one occasion, declared he intended to whip the accused the first time he got an opportunity, and that these threats were communicated by said witness to the accused; that he could prove by said Wealthy Cooper, that she was passing through the room in which the shooting occurred, and that while doing so, she saw some one, whom she took to be Isaac Whitworth, discharge a pistol from behind Snyder, and while the latter and defendant were engaged, and facing each other; that he could prove by the said Mary Jane Blackburn, formerly Mary Jane Christerson, that at the inception of the difficulty the defendant went to his brother, who was somewhat intoxicated, and endeavored to quiet him, and prevent any disturbance.

Under the circumstances disclosed by the record, we are of opinion the court below erred in overruling the plaintiff's application for a continuance. The claim in the affidavit, that owing to the confusion which prevailed at the time of the killing there would probably be great conflict in the testimony, and that by reason thereof it was important to a fair trial that the witnesses specified in the affidavit should be present to testify to the material circumstances attending the affair, is fully sustained by the facts developed on the trial. There was a sharp conflict between the witnesses upon some material points in the case, while upon others, if the theory of the prosecution is to be accepted, the evidence is wanting in detail, and is unsatisfactory in this, that it fails to give any rational account of the cause, commencement or progress of the difficulty. Had the absent witnesses been present, their evidence might have thrown much light on the subject, and possibly have led to a different result. We do not overlook the fact that applications of this kind are sometimes made in bad faith, and for the sole purpose of defeating the ends of justice. When such is the case, the alleged absent witnesses are often mere fictitious or known disreputable characters, who have probably absented themselves for the express purpose of laying the foundation for the application. We see nothing, however, in the record before us, to cast the slightest suspicion upon the good faith of the application in this case. The absent witnesses are all real, and not fictitious, persons, and the testimony given on the trial shows that they, or at least most of them, were present at the time of the homicide, and consequently had, so far as it can now be known, an equal opportunity with those who testified against the accused, of learning and knowing just what occurred during the fatal affray, and we think it was error, for which the judgment should be reversed, to deprive the accused of their testimony. With the exception of Whitworth, who was at the time out of the State, all these witnesses had been regularly subpœnaed,

at the instance of the defendant, and there is no pretence that their non-attendance is attributable to his negligence or connivance,—the absence of two of them being occasioned by sickness. We the more readily adopt this view, for the reason that two of the three witnesses examined in chief by the People, and upon whose testimony the conviction mainly rests, were active parties to the affray which resulted in Snyder's death. The evidence shows there had been, a short time before, a difficulty between the Suttons and McEvers, and the evidence tends to show that the latter went to the dance that night with the intention of renewing it; that it was commenced by them or those acting in concert with them, and that Kirkpatrick and Lyon, the two main witnesses for the People, together with the deceased, were actively aiding and abetting McEvers during the affray. All of them went there armed, and either used their own weapons, or incited the others to use theirs, pending the affray. The McEvers had made repeated threats against the accused, and his friends had notified him of them. Under these circumstances, every reasonable opportunity should have been afforded the defendant to throw all the light possible upon the disgraceful and unfortunate affair, in order to determine his true relation to it, and the degree of his responsibility for the results, if responsible at all.

With respect to the rulings of the court upon questions of evidence, we do not think, taking them as a whole, they were altogether fair to the accused, in view of the particular circumstances in the case, and the relations which the main witnesses for the People sustained to the difficulty in question. We are also of opinion, for the same reason, that the right of cross-examination was, in several instances, unduly restricted, particularly in the case of Kirkpatrick and Lyon, who were parties to the affray, and, presumptively, hostile to the defendant. In the cross-examination of these witnesses the broadest latitude should have been allowed, while, on the

other hand, their examination by the People should have been correspondingly restricted. The rule seems, in some degree, to have been reversed.

We have adverted to these matters in a general way, with the hope that the court below will, on another trial, watch more vigilantly the rights of all parties concerned, and hold the scales of justice as nearly equipoised as possible.

Under all the circumstances, we think the case should be submitted to another jury; and that there may be a full and fair investigation of the whole case, unaffected, so far as the evidence is concerned, by anything that may be said here, we have purposely refrained from discussing the facts further than was deemed necessary to show the pertinency of the general observations submitted.

The judgment of the court below is reversed, and the cause remanded for further proceedings in conformity with the views here expressed.                    *Judgment reversed.*

Mr. JUSTICE MAGRUDER does not concur.